IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACLYN FIKE, ANDREW YAVORKA, and BARBARA YAVORKA, individually and on behalf of all others similarly situated,<br>　　　　Plaintiffs,<br><br>　　v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br>　　　　Defendant. | C.A. No. 19-144 Erie<br><br><br>**District Judge Susan Paradise Baxter** |

## MEMORANDUM OPINION

### I.　INTRODUCTION

#### A.　Relevant Procedural History

On May 16, 2019, Plaintiffs Jaclyn Fike ("Fike"), Andrew Yavorka, and Barbara Yavorka (collectively, "the Yavorkas"), filed this class action against Defendant Portfolio Recovery Associates, LLC, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"). Defendant is in the business of purchasing consumer debts at a discount from other creditors for the purpose of collecting on those debts. Plaintiffs subsequently filed a first amended complaint on August 27, 2019 [ECF No. 14], which is the operative pleading in this case.

Plaintiffs claim that Defendant filed a false and misleading proof of claim in each of their Chapter 13 bankruptcy proceedings by overstating the principal owed on their debts, thus violating the FDCPA's prohibitions on making false or misleading representations to collect a debt under 15 U.S.C. § 1692e, and using unfair or unconscionable debt collection practices under

15 U.S.C. § 1692f. As relief for their claims, Plaintiffs seek class certification, monetary damages, and declaratory relief.

Presently before the Court is Defendant's motion to dismiss [ECF No. 16], arguing that Plaintiffs have failed to state a claim upon which relief may be granted, because: (1) Defendant's proofs of claim accurately reflect the amount of each debt owed by Plaintiffs; (2) Plaintiffs' claims are preempted by the Bankruptcy Code; (3) any alleged mischaracterization of interest as principal in Defendant's proofs of claim is immaterial; and (4) Plaintiffs lack Article III standing under the FDCPA because they have not alleged any concrete harm. Plaintiffs have filed a brief in opposition to Defendant's motion [ECF No. 20], and Defendant has since filed a reply brief [ECF No. 21]. In addition, both parties have submitted supplemental authority for this Court's consideration [ECF Nos. 22, 24]. This matter is now ripe for disposition.

**B.**     **Relevant Factual History**

Plaintiffs filed voluntary petitions for relief under Chapter 13 of the United States Bankruptcy Code in March and June 2018.[1] On May 18, 2018 and August 14, 2018, Defendant filed a proof of claim ("POC") in each of Plaintiffs' bankruptcy cases, each of which was for an open-end credit card debt that was originally owed to another creditor.

In Fike's bankruptcy case, Defendant filed a POC for a debt originally owed to Barclays Bank Delaware in the amount of $1,815.35. (ECF No. 14, at ¶¶ 14-15). In the Yavorkas' bankruptcy case, Defendant filed a POC for a debt originally owed to Comenity Bank in the amount of $1,877.11 (Id., at ¶¶ 19-20). In both cases the entire amount of each claim was listed as "unsecured principal," with no interest or other charges separately delineated. (Id. at ¶¶ 17,

---

[1] Defendant Fike filed her petition on March 29, 2018, and the Yavorkas filed their petition on June 29, 2018.

22).

## II.    DISCUSSION

Plaintiffs claim that Defendant's failure to itemize their POC's into principal, interest and fees was false and misleading in violation of Section 1692e of the FDCPA, which generally provides that "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Conduct that violates Section 1692e includes "[t]he false representation of … the character, amount, or legal status of any debt," 15 U.S.C. §1692e(2)(A), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," 15 U.S.C. §1692e(10).

At the outset, it is significant to note that nothing in the statutory text of the FDCPA requires a debt collector to itemize the debt being collected. Moreover, courts that have considered the issue have consistently determined that a debt collector is not required to itemize a debt into principal, interest, and other charges to comply with the FDCPA.[2] See Kolbasyuk v. Capital Mgmt. Servs., LP, 918 F.3d 236, 240 (2d Cir. 2019) (concluding the "amount of the debt" means "the total, present quantity of money that the consumer is obligated to pay" and nothing in the FDCPA requires a debt collector to inform a consumer "of the constituent components of that debt"); Powell v. Palisades Acquisition XVI, LLC, 782 F.3d 119, 126 (4th Cir. 2014) ("where a demand letter misstates interest as principal but accurately states the total amount owed, such a technical error is not material" and, thus, does not violate the FDCPA); Hahn v. Triumph Partnerships LLC, 557 F.3d 755, 757 (7th Cir. 2009) ("[A] debt collector need not break out principal and interest; it is enough to tell the debtor the bottom

---

[2] Notably, the Third Circuit Court has not yet addressed the issue.

line."), citing Barnes v. Advanced Call Center Techs., LLC, 493 F.3d 838, 839 (7th Cir. 2007); Wilson v. Trott Law , P.C., 118 F.Supp. 3d 953, 963 (E.D. Mich. 2015) ("there is no language in the FDCPA that requires a debt collector to provide a complete breakdown of the debt owed"); Moran v. Greene & Cooper Attorneys LLP, 43 F,Supp.3d 907, 914-15 (S.D.Ind. 2014) ("A debt collector need not 'itemize' the debt, so long as its statement of the total is clear and accurate"); Meier v. Law Offices of Weltman, Weinberg & Reis, L.P.A., 2011 WL 2039113, at *7 (W.D.Pa. May 5, 2011) (Lenihan, M.J.) (adopted in full by Meier, 2011 WL 2036693 (W.D.Pa. May 24, 2011)) (finding "no merit to Plaintiff's argument that Defendant violated [§ 1692e(10)] by failing to itemize the amounts due and how they increased over time"); Scioli v. Goldman & Warshaw P.C., 651 F.Supp.2d 273, 281 n. 15 (D.N.J. 2009) )"[T]he Court does not hold that a debt collector *must* itemize the fees and costs it seeks in order to comply with the FDCPA").

  Here, Plaintiffs' claim is premised instead upon Defendant's alleged violation of Rule 3001 of the Federal Rules of Bankruptcy Procedure, which requires that every proof of claim seeking pre-bankruptcy interest, fees, expenses, or other charges must be accompanied by an itemized statement of the claim. Fed.R.Bank.P. 3001(c)(2)(A). According to Plaintiffs, "Because truthful disclosure of principal, interest and fees is required by the [Bankruptcy] Code and Rules, and because this information is 'substantive' and informs debtors whether a legal challenge is appropriate, overstating principal on a proof of claim, and falsely stating that proof of claim does not include interest or fees is a material violation of the FDCPA." (ECF No. 20, at p. 18). In other words, Plaintiffs are relying upon the alleged violation of a Bankruptcy Rule to create a cause of action under the FDCPA that would not otherwise exist outside of bankruptcy. This they cannot do. If failing to itemize the components of a debt in a pre-bankruptcy collection letter does not

4

violate the FDCPA, then the failure to itemize the same debt within the context of a bankruptcy proceeding cannot lead to a different result. Certainly, the language of the Act does not provide for such disparity.

Creating a violation of the FDCPA based upon the application of a Bankruptcy Rule would unnecessarily disrupt the "delicate balance of a debtor's protections and obligations" recognized by the Supreme Court in Midland Funding, LLC v. Johnson, 137 S.Ct. 1407 (2017):

> The [FDCPA] and the [Bankruptcy] Code have different purposes and structural features. The [FDCPA] seeks to help consumers … by preventing consumer bankruptcies in the first place. The Bankruptcy Code, by way of contrast, creates and maintains what we have called the 'delicate balance of a debtor's protections and obligations…. To find the [FDCPA] applicable here would upset that 'delicate balance.'

137 S.Ct. at 1414-15 (citation omitted). Thus, the Supreme Court held that the filing of an "obviously time-barred claim" was not "unfair" or "unconscionable" within the terms of the FDCPA, even though the practice was sanctionable under the Federal Rules of Bankruptcy Procedure. Johnson, 137 S.Ct. at 1414-15. The Court added that "[t]o find the Fair Debt Collection Practices Act applicable [to creditors' filing proofs of claim on allegedly stale debts] … would authorize a new significant bankruptcy-related remedy in the absence of language in the Code providing for it." Id. at 1415.

In light of Johnson, the United States District Court for the District of Minnesota recently considered identical claims to those presented in this case under Section 1692e of the FDCPA and concluded that the FDCPA was inapplicable, reasoning that "'[t]he failure to abide by the Federal Rules of Bankruptcy Procedure does not necessarily provide a basis for an actionable FDCPA claim.'" Gibbs v. Resurgent Capital Servs., L.P., 2020 WL 319657, at *1 (D.Minn. Jan. 21, 2020), quoting Morris v. Midland Funding, LLC, 2019 WL 4142714, at * 2 (D.Minn. Aug.

5

29, 2019). In so finding, the court observed the following:

> *Johnson* suggests that the Bankruptcy Code and Rules provide the exclusive means for determining whether such claims should be allowed. While the Court does not necessarily read *Johnson* to foreclose all FDCPA claims that implicate the Bankruptcy Code, here, [plaintiff] has not provided a plausible legal basis for applying the FDCPA to the non-itemized proofs of claim at issue in this civil proceeding.[3]

Gibbs, at *2; Morris, at *3.

This Court agrees with the observations of the Minnesota District Court and, thus, finds that the FDCPA is inapplicable to Plaintiffs' claims in this case. In so finding, the Court is well aware that our sister court in Johnstown recently allowed similar claims to survive dismissal in Howard v. LVNV Funding, LLC, 2020 WL 978653 (W.D.Pa. Feb. 28, 2020), a case cited by Plaintiffs as supplemental authority. [ECF No. 28]. In that case, the defendant similarly argued that "the filing of an improper proof of claim in a bankruptcy proceeding cannot give rise to a cause of action for violating the FDCPA." Id. at *3. However, this was couched as a preemption argument, claiming that the Bankruptcy Code preempts the FDCPA because the Code already provides the debtor with a remedy regarding the filing of improper proofs of claim. As a result, District Judge Gibson aptly applied the Third Circuit Court's analysis in Simon v. FIA Card Servs., N.A., 732 F.3d 259, 274 (3d Cir. 2013) to determine that "there is no direct conflict between the Code and the FDCPA and accordingly, no preemption." Id. at *4.

Here, the Court finds that no preemption analysis is necessary, as Plaintiffs' FDCPA

---

[3] The court found unavailing the cases relied upon by the plaintiffs in both Gibbs and Morris because they involved "debtor-plaintiffs seeking relief under Rule 3001 in bankruptcy court." Gibbs, at *2 n.1; Morris, at *3 n.1. Notably, these cases are the same five bankruptcy court cases relied upon by Plaintiffs in this case: In re Thomas I, 578 B.R. 355 (Bankr. W.D.Va. 2017); In re Maddux, 567 B.R. 489 (Bankr. E.D.Va. 2016); In re Jowers, Adv. P. No. 16-80101 (Bankr. D.S.C. May 24, 2017); In re McClain, Adv. P. No. 16-80100 (Bankr. D.S.C. Nov. 10, 2016); and In re Martin, Adv. P. No. 16-80099 (Bankr. D.S.C. Jan. 12, 2017).

claims do not fail because of a conflict between two federal statutes; they fail because, as discussed above, Plaintiffs never alleged any conduct violative of the FDCPA in the first place.[4] Thus, Defendant's motion to dismiss will be granted and Plaintiffs' claims will be dismissed.[5]

    An appropriate Order follows.

---

[4] The Court acknowledges that this finding is directly contrary to Judge Gibson's conclusion that the plaintiff in Howard made a "plausible claim that [the defendant] made materially false or misleading representations in attempting to collect [the plaintiffs'] debts" through the filing of non-itemized proofs of claim. Howard, at *6. Respectfully, Judge Gibson's finding in this regard was made without consideration of whether non-itemization of a debt is, itself, a violation under the FDCPA, which courts have consistently denied, as this Court has detailed above. In addition, the Howard decision does not engage in any discussion regarding the Supreme Court's decision in Johnson and its application to the case at hand. For these reasons, this Court is unable to arrive at the same result.

[5] Because the Court has determined that the FDCPA is inapplicable to Plaintiffs' claims, there is no need to address Plaintiff's alternative claim under Section 1692f of the FDCPA, or Defendants' argument that Plaintiffs lack Article III standing.